
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SABRINA HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 14 CV 2109 |
| ) | |
| The CITY OF CHICAGO, a municipal ) | Judge |
| corporation, and Chicago Police Officers ) | |
| KYLEEN COWIE #15645, JUSTIN ) | Magistrate Judge |
| MIELCARZ #12613, JASON EDWARDS #19173, ) | |
| ANDREW NEBERIEZA #11129, STEVEN ) | |
| JAGLARSKI #11175, JOEL HOLLER #14200, ) | |
| JOHN McKENNA #14810, EDWARD DEDO ) | |
| #15645, DARRYL EDWARDS #19970, BYRON ) | |
| UDING #2162, ANTHONY GARCIA #4739, ) | |
| ROBERT SLECHTER #4924, RICHARD CARO ) | |
| #5368, GRAYLIN WATSON #5368, ) | |
| and Sergeant DANIEL O'SHEA #183, ) | |
| ) | |
| Defendants. ) | JURY DEMAND |

## COMPLAINT

Plaintiff SABRINA HARRISON, through one of her attorneys, Torreya L. Hamilton, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant CITY") and Chicago Police Officers KYLEEN COWIE #15645, JUSTIN MIELCARZ #12613, JASON EDWARDS #19173, ANDREW NEBERIEZA #11129, STEVEN JAGLARSKI #11175, JOEL HOLLER #14200, JOHN McKENNA #14810, EDWARD DEDO #15645, DARRYL EDWARDS #19970, BYRON UDING #2162, ANTHONY GARCIA #4739, ROBERT SLECHTER #4924, RICHARD CARO #5368, GRAYLIN WATSON #5368, and DANIEL O'SHEA #183 ("Defendant OFFICERS"):

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of the Plaintiff's rights under the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff SABRINA HARRISON is a thirty-year-old resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS were Chicago police officers employed by the Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of the Defendant OFFICERS.

## FACTS

7. Plaintiff is a single mother of five who lives in Chicago, Illinois.

8. In January 2014, Plaintiff and her children lived in a third floor apartment located at 749 South Kedzie, in Chicago, Illinois.

9. On January 10, 2014, Plaintiff was at home visiting with family members in her living room.

10. On January 10, 2014, Defendant OFFICERS were on-duty members of the Chicago Police Department.

11. At approximately 1:00 p.m., Defendant OFFICERS went to Plaintiff's home and entered her apartment without consent.

12. Defendant OFFICERS entered Plaintiff's home without knocking or announcing that they were present.

13. Once inside, Defendant OFFICERS claimed they had a warrant to search Plaintiff's home.

14. Defendant OFFICERS did not show or provide Plaintiff with a copy of the warrant even though under Illinois law they are required to do so.

15. Defendant OFFICERS announced that they were looking for drugs, and demanded to know where the drugs were.

16. Plaintiff informed Defendant OFFICERS that there were no drugs in her home.

17. Immediately after entering Plaintiff's home, Defendant OFFICERS handcuffed her, with her hands behind her back.

18. Plaintiff was only wearing a t-shirt and a pair of underwear shorts at the time she was detained and handcuffed.

19. When Defendant OFFICERS handcuffed Plaintiff, she was not doing anything to resist them and was no threat to them.

20. After Plaintiff was handcuffed, Defendant COWIE grabbed her by the arm and forcibly walked her into the bathroom.

21. On information and belief, the other Defendant OFFICERS were aware of Defendant COWIE's intention to strip search Plaintiff.

22. Inside the bathroom, with the door partially open, Defendant COWIE pulled Plaintiff's underwear down to her ankles, leaving Plaintiff completely nude below her waist.

23. Plaintiff protested to Defendant COWIE about this search, but Defendant COWIE ignored her.

24. Defendant COWIE informed Plaintiff that this search was necessary.

25. Defendant COWIE ordered Plaintiff to bend over at the waist, and to cough as she did so.

26. Plaintiff complied with Defendant COWIE'S command.

27. After bending over and coughing, while handcuffed and naked below the waist, Defendant COWIE stated to Plaintiff "you are not doing this right," or words to that effect.

28. Defendant COWIE then ordered Plaintiff to repeat the same bending-coughing effort again.

29. Plaintiff again complied with Defendant COWIE'S command.

30. Defendant COWIE ordered Plaintiff to repeat this same bending-coughing effort a third and a fourth time.

31. Plaintiff complied with each of Defendant COWIE'S commands.

32. At one point during this process, Defendant COWIE grabbed Plaintiff's buttocks and spread them apart while Plaintiff was bent over, so that she could search Plaintiff's anal cavity.

33. Defendant COWIE also pulled Plaintiff's t-shirt and bra up, exposing Plaintiff's breasts.

34. Plaintiff did not have any drugs hidden on her person or inside any body orifice.

35. Plaintiff was humiliated and embarrassed by this invasive strip search.

36. After she finished strip searching Plaintiff, Defendant COWIE pulled Plaintiff's underwear back up.

37. Defendant COWIE then returned Plaintiff to her living room, still handcuffed, and placed her on a couch.

38. Defendant OFFICERS did not find drugs or anything else illegal inside Plaintiff's apartment.

## COUNT I
42 U.S.C. § 1983 – Unlawful Strip Search
(Defendant COWIE)

39. Each of the foregoing paragraphs is incorporated as if fully restated here.

40. As more fully described above, Defendant COWIE performed a strip search on Plaintiff.

41. This strip search was conducted without any lawful basis or justification, and in violation of the Fourth Amendment's requirements that searches by the police be performed in a reasonable manner.

42. As a direct and proximate result of this unlawful and unreasonable search, Plaintiff has suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant COWIE in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
42 U.S.C. § 1983 – Failure to Intervene

43. Each of the foregoing paragraphs is incorporated as if fully restated here.

44. As described more fully above, each of the Defendant Officers were aware of the misconduct of Defendant COWIE, and were in a position to intervene and prevent it, but failed to do so. Defendant O'SHEA is a supervisor, and therefore bore direct responsibility for the manner in which the other Defendant OFFICERS were behaving.

45. Defendant O'SHEA and the other Defendant OFFICERS made no efforts whatsoever to prevent the unlawful strip search of Plaintiff by Defendant COWIE, and in fact, ignored Plaintiff's complaints about how she was being treated.

46. As a direct and proximate cause of the failure of Defendant OFFICERS to intervene to stop Defendant COWIE'S strip search, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

SABRINA HARRISON, Plaintiff

Respectfully Submitted,

By: /s Torreya L. Hamilton
　　Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604

312.726.3173  
312.726.3157 (fax)  
tlh@thehamiltonlawoffice.com  
Attorney No. 6229397