IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Sabrina Harrison,

Plaintiff(s),

v.

The City of Chicago et al,

Defendant(s).

Case No. 14cv2109
Judge Jeffrey T. Gilbert

## ORDER

Hearing held on 1/21/15 on the discovery disputes outlined in the parties' Joint Discovery Report [56]. For the reasons stated on the record, the Court resolved some of the disputes in Plaintiff's favor and some of the disputes in Defendants' favor. A summary of the Court's rulings is contained in the Statement below. See Statement for further details. In the event of any conflict between the summary and the record, however, the record controls as the summary is solely for the Court's and the parties' convenience. The depositions of the Defendant Officers previously set by the parties shall go forward as scheduled. On Defendants' oral motion, Defendants are granted leave to depose Samuel Harrison, Plaintiff's brother, who is incarcerated in the Illinois Department of Corrections. The Court discussed the possibility of settlement with the parties. Plaintiff's settlement demand shall be delivered to Defendants, with a copy delivered to the Court, in chambers, on or before 1/30/15. Defendants' settlement response shall be delivered to Plaintiff, with a copy delivered to the Court, in chambers, on or before 2/13/15. Settlement letters are not to be filed on the CM-ECF system. If the parties wish to expand the referral to the Magistrate Judge to include settlement, they should make that request to the District Judge. Status hearing set for 3/3/15 at 11:15 a.m.

## STATEMENT

The Court's rulings on the discovery disputes are as follows:

Plaintiff's Interrogatory No. 4: Defendants will provide verified interrogatory responses from the Defendant Officers who have been named as defendants in civil rights lawsuits. Defendants' counsel will deliver the verified interrogatory responses to Plaintiff's counsel within 24 hours of counsel's receipt of the verified responses and at least 48 hours before each of the Defendant Officers' scheduled depositions.

Plaintiff's Interrogatory No. 13: No further response is required by Defendants in light of Defendants' counsel's representation on the record that none of the Defendant Officers who have been served with interrogatories to date have been convicted of a crime in the last 10 years that would meet the threshold requirement for admission into evidence at trial under Federal Rule of Evidence 609 (i.e., a felony conviction within the last 10 years or a felony or misdemeanor conviction that involved a false statement or dishonest act).

Plaintiff's Interrogatory No. 18: Defendants will produce by the end of day tomorrow, 1/22/15, the verified interrogatory responses for any Defendant for whom counsel now hasa verified response. Defendants will produce to Plaintiff the verified interrogatory responses for other Defendants within 24 hours of counsel's receipt of the verified responses and at least 48 hours before each of the Defendant Officers' scheduled depositions.

Plaintiff's Interrogatory No. 19: The Court interprets the word 'contact' to mean any physical or verbal interaction between the Defendant Officer and Plaintiff. With that clarification, Defendant Officers shall provide verified interrogatory responses within the same time frame as referenced above.

Plaintiff's Interrogatory No. 23: Plaintiff's request that each Defendant Officer state whether he or she was carrying a cell phone on the date of the incident alleged in Plaintiff's amended complaint and disclose the phone number and cell phone service provider is over-broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. There is no indication in the complaint or otherwise that any Defendant's use of a cell phone is relevant to any claim or defense in this case. Plaintiff's reason for requesting this information now is prophylactic in nature – i.e., to the extent a Defendant Officer's use of his or her cell phone becomes relevant, the requested information should be produced now so the Officer does not have to be deposed twice. In the Court's view, the balance of the considerations laid out in Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure militates against requiring Defendants to produce the requested information at this time. If the information becomes relevant in the future, the parties and the Court can revisit the issue at that time. The Court recognizes that this might require a Defendant Officer to be deposed more than once. But requiring disclosure and production of this information now for all 15 named individual Defendant Officers, and the secondary need to follow a procedure that would include production of redacted phone records for 15 Defendant Officers, is overkill and unnecessarily expensive in this case at this time in the Court's view given the "likely benefit [of that information], the needs of the case, the amount in controversy, the parties' respective resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

Plaintiff's Request to Produce No. 18: For the reasons stated on the record, Plaintiff's request for information concerning Defendant Officers' CR histories is granted in part denied in part.. The parties agree that Defendant will produce the "seven-year CR histories" for the Defendant Officers. Defendant shall produce these files within 48 hours of the time that Defendant's counsel receives the documents from the Independent Police Review Authority ("IPRA"), and at least 48 hours prior to the affected Officers' depositions.

Date: 1/21/2015

Magistrate Judge Jeffrey T. Gilbert